CITY OF CUYAHOGA FALLS, Appellee,

v.

GREEN, Appellant.

[Cite as *Cuyahoga Falls v. Green* (1996), 112 Ohio App.3d 362.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17566.

Decided July 3, 1996.

*Dwayne Jones,* Assistant City Prosecutor, for appellee.

*Daniel P. Fry* and *Denise D. Klug,* for appellant.

SLABY, Judge.

Appellant, Randy Green, appeals from the judgment of the Cuyahoga Falls Municipal Court finding Green in violation of the city's traffic ordinance for failure to exercise due care when changing course and turning. We reverse.

Green's traffic violation arose out of an accident between Green, who was operating a large tractor-trailer rig, and Fawwaz Zaid, who was driving a pickup truck. Zaid's pickup collided with Green's semi as Green was attempting to negotiate a wide right turn into a narrow driveway.

Green, a professional truck driver for twenty-five years, was driving his semi south on Main Street at 8:30 in the evening on July 10, 1995. Green was on his way to deliver a part to an auto dealership located on the west side of Main. Zaid pulled his pickup out onto Main Street behind Green and traveled directly behind the semi. Main Street was only a two-lane road at this point, although it widened into a four-lane road a short distance after Zaid began following Green. After the street widened, both Green and Zaid remained in the right-hand curb lane.

Green had traveled this route and made deliveries to this location on numerous prior occasions. He was aware that he first had to swing his semi into the left lane in order to make a wide right-hand turn into the dealership's extremely narrow driveway because the semi could not otherwise make the turn. Green testified that to "set himself up" for such a turn he always activated the right turn signals approximately four hundred to six hundred feet prior to making the turn to alert surrounding traffic, checked his mirrors to ascertain that the lanes were clear for the turn, moved to the left and straddled both lanes to prepare for the turn, slowed to two or three miles per hour, and swung into the left lane just before making the final turn to the right. In addition, he often lowered his window to listen for traffic and pedestrians.

Green testified that he followed exactly that procedure prior to the accident. He claimed that he was aware of Zaid's pickup following directly behind him as he moved to the left, and that the right lane was completely clear for the turn. As Green was starting to turn right, he suddenly heard the pickup "rev up" and saw it sliding around his semi to the right side. Green immediately stopped the semi in an attempt to allow Zaid to pass, but the pickup skidded[1] into the front

---

1. The investigating patrolman measured the pickup's skid marks and found that the rear passenger's side measured seventy-one feet, and the rear driver's side measured sixty-nine feet.

tire portion of the semi's cab. Green's testimony was corroborated by one witness, who observed that Green was traveling slowly and had on his right turn signal, but that Zaid appeared to speed up in order to pass the semi on the right and "beat [Green] to the punch."

Green was issued a citation for violation of City of Cuyahoga Falls Ordinance 331.14 for failure to exercise due care when changing course and turning. Green raises two errors on appeal. The issues raised in Green's second assignment of error are dispositive; accordingly, we address only that assignment of error. See App.R. 12(A)(1)(c).

### Assignment of Error II

"The judgment entered in the Cuyahoga Falls Municipal Court on October 13, 1995, whereby [Green] was found guilty of a violation of City of Cuyahoga Falls Ordinance 331.14, was in error because [the prosecution] did not carry its burden of proof by way of presenting evidence proving [Green]'s guilt beyond a reasonable doubt."

It is fundamental that the prosecution must prove every necessary element of the crime charged beyond a reasonable doubt. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375. After viewing the evidence in light most favorable to the prosecution, this court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503.

Cuyahoga Falls Ordinance 331.14, which is essentially identical to R.C. 4511.39, states:

"No person shall turn a vehicle or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

A motorist is required both to use reasonable care and to properly signal when making a turn, and failure to do either constitutes a violation. *State v. Richardson* (1994), 94 Ohio App.3d 501, 505, 641 N.E.2d 216, 218. The traffic statutes impose a duty of ordinary care on a person intending to make a turn. *Cothey v. Jones–Lemley Trucking Co.* (1964), 176 Ohio St. 342, 27 O.O.2d 281, 199 N.E.2d 582, paragraph two of the syllabus. In order to exercise due care, Green was obligated to act as a reasonably prudent person under the circumstances. *Westervelt v. Rooker* (1983), 4 Ohio St.3d 146, 148, 4 OBR 390, 391, 447 N.E.2d 1307, 1309.

Many of the facts regarding the accident are in controversy. Testimony presented by Zaid, by one of his passengers, and by another witness gave varying accounts as to whether or not Green activated his signals prior to the accident, how fast the vehicles were traveling, whether Zaid ever left the right curb lane, and the location where Zaid turned onto Main Street. Most of the conflicting testimony, however, pertained more to the circumstances surrounding the collision and the motivation of the parties than to Green's compliance with the statute.

██ The main fact in controversy, which was pertinent to the citation, was whether Green gave an appropriate signal. The court determined that the most credible testimony supported the finding that Green had activated his right turn signal. The court, however, believed that Green should have used his *left* turn signal prior to moving into the left-hand lane to "make it clear to the passengers in the vehicle behind him that something was up." Accordingly, the court found that Green failed to exercise due care under the ordinance and was guilty of the traffic offense for which he was cited.

We disagree and believe that it is more appropriate and less confusing to use a right turn signal when making a right turn, even when it is necessary for a large tractor-trailer rig to first swing to the left prior to executing the turn. Drivers are permitted to overtake and pass a vehicle on the right when the vehicle being overtaken "is making or about to make a left turn." R.C. 4511.28(A)(1). If drivers of tractor-trailer rigs activated their *left* signal during the first stage of a wide *right* turn, other drivers might perceive that the truck was signaling for a left turn and attempt to pass on the right. Because the entire "set up" maneuver is all part of a right turn, a left turn signal could be misinterpreted and increase the likelihood of a collision.

Ohio law also requires vehicles to stay "as close as practicable to the right-hand curb or edge of the roadway" when making the approach for a right-hand turn. R.C. 4511.36(A); see, also, *Dayton v. Drazek* (Apr. 18, 1989), Montgomery App. No. 11055, unreported, 1989 WL 38227, at *2. In a previous ruling, this court held that a truck driver was proceeding properly when the driver signaled to make a right turn, slowed down, and then made a wide swing into the left-hand lane in order to negotiate the turn. *Keller–Hall, Inc. v. C.M. Building, Inc.* (July 9, 1986), Summit App. No. 12421, unreported at 5, 1986 WL 7754. A truck driver who must swing wide into the left-hand lane may still be properly negotiating a right-hand turn "as close as practicable" for that particular vehicle.

Green argues that the facts in this case do not clearly indicate beyond a reasonable doubt that he failed to exercise due care. The prosecution declined to submit a brief to present any facts or propositions of law on the city's behalf. When an appellee fails to file a brief, the court may accept the appellant's

statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C). It is our determination that the city did not prove beyond a reasonable doubt that Green failed to exercise reasonable due care under these circumstances.

Green's second assignment of error is sustained. As this is dispositive of the case, there is no need to address Green's first assignment of error, asserting that the decision was against the manifest weight of the evidence. The judgment of the lower court is reversed, and judgment is hereby entered in favor of Green. See App.R. 12(B).

*Judgment accordingly.*

REECE, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.