OPINION
{¶ 1} Defendant-appellant, Matthew J. Ryan, appeals from his conviction for making an illegally wide right turn in violation of Columbus City Code ("C.C.") Section 2131.11(a)(1). For the following reasons, we reverse.
 {¶ 2} On June 7, 2005, at approximately 11:00 a.m., Emanuel Debose's vehicle collided with defendant's vehicle as defendant was turning right into a private driveway. Columbus Police Officer, John Witherspoon, responded to the scene of the accident. After Officer Witherspoon investigated the accident, he cited defendant for a violation of C.C. 2131.10(a), denominated in the citation as "Improper Turn — Right."
 {¶ 3} Immediately before a bench trial, the city requested leave to amend the citation to charge a violation of C.C. 2131.11(a) instead of 2131.10(a). While both provisions require drivers to make right turns "as close as practicable to the right-hand curb or edge of the roadway," C.C. 2131.10(a) governs turning at intersections and C.C. 2131.11(a) governs turning into private roads, driveways, alleys, or buildings. The trial court granted the city's motion.
 {¶ 4} At trial, Officer Witherspoon testified that the accident occurred near the intersection of East Main Street ("Main") and South Fourth Street ("Fourth"). Both defendant and Debose were traveling east on Main in the far-right lane, which is double the width of a normal lane of traffic to accommodate parking at the curb. As defendant was making a right turn into a driveway, the driver-side bumper of Debose's Honda Accord struck defendant's Mercury Mountaineer in the Mountaineer's passenger-side rear door. Based upon the damage to both vehicles, Officer Witherspoon determined that, immediately before the accident, the Mountaineer was ahead of and to the left of the Accord and that defendant began turning about eight to ten feet from the curb.
 {¶ 5} On cross-examination, Officer Witherspoon admitted that whether a turn is "as close as practicable" to the curb is a judgment call. Officer Witherspoon also testified that various factors could impact that judgment call, including the turning radius of the vehicle. In addressing the issue of the Mountaineer's turning radius, Officer Witherspoon stated that, "I can't really speak to exactly how much distance his vehicle would require [to turn] as opposed to any other." (Tr. at 31-32.) Additionally, Officer Witherspoon conceded that, when turning into the driveway at issue, a driver would have to allow distance to avoid a utility pole located at the corner of the driveway and Main that leaned out into Main. However, Officer Witherspoon cited defendant because "[t]he physical evidence, driver testimony, all indicated that the improper wide turn was the primary cause of the accident." (Tr. at 24.)
 {¶ 6} Defendant testified that, on the morning of the accident, he was driving to Mulryans, his place of business. Defendant stated that he drove east on Main in the far-right lane for one block before passing Fourth, at which point he activated his right turn signal. Defendant then pulled into the middle of the lane — about eight to ten feet from the curb — to initiate his right-hand turn into Mulryan's driveway. Defendant testified that he had extensive experience making that particular turn and, based upon this experience, he knew he had to turn from the middle of the lane to avoid hitting the leaning utility pole and running over any curbs. Seconds after defendant turned right, his Mountaineer collided with Debose's Accord.
 {¶ 7} Joseph Ridgeway, an expert in traffic engineering, testified on behalf of defendant. Given the dimensions of the street, driveway, and a standard passenger vehicle, as well as the location of the utility pole, Ridgeway opined that a vehicle needed to be located at least ten feet from the curb in order to safely negotiate a right turn into the driveway.
 {¶ 8} After the close of evidence, the trial judge found defendant guilty of violating C.C. 2131.11(a). In its November 10, 2005 judgment entry, the trial court fined defendant $150 and ordered him to pay court costs.
 {¶ 9} Defendant now appeals and assigns the following errors:
[1.] THE TRIAL COURT ERRED IN FINDING THAT THE CITY HAD PROVEN BEYOND A REASONABLE DOUBT THAT WHEN APPELLANT MADE A RIGHT TURN INTO HIS BUSINESS HE DID NOT MAKE THAT TURN AS CLOSE AS PRACTICABLE TO THE RIGHT HAND CURB OR EDGE OF THE ROADWAY.
[2.] THE TRIAL COURT ERRED IN PERMITTING THE CITY TO AMEND ITS COMPLAINT AT THE BEGINNING OF TRIAL AND IN DENYING APPELLANT A CONTINUANCE TO PREPARE TO DEFEND AGAINST THE AMENDED COMPLAINT.
 {¶ 10} By his first assignment of error, defendant challenges the sufficiency of the evidence underlying his conviction. Specifically, defendant argues that the city failed to present any evidence from which a trier of fact could conclude that defendant did not make the turn into Mulryan's driveway "as close as practicable" to the right curb. We agree.
 {¶ 11} The operative inquiry in a sufficiency of the evidence analysis is whether the evidence is adequate to sustain a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, at 386-387. When reviewing the sufficiency of the evidence, an appellate court must:
[E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. This test raises a question of law and does not allow the court to weigh the evidence. Thompkins, at 386;State v. Thomas (1982), 70 Ohio St.2d 79, 79-80. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination with regard to the credibility of the witnesses. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41 ("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction.").
 {¶ 12} C.C. 2131.11 provides that:
(a) The driver of a vehicle intending to turn into a private road or driveway, alley, or building from a public street or highway shall be governed by the following rules:
(1) Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.
Thus, a trier of fact must convict a defendant of violating C.C. 2131.11(a)(1) if the city proves beyond a reasonable doubt that the defendant failed to drive "as close as practicable" to the curb when making a right turn. What constitutes a "close as practicable" turn depends upon the circumstances. See CuyahogaFalls v. Green (1996), 112 Ohio App.3d 362, 365 (finding that a truck driver who must swing wide into the left lane may still be negotiating a right turn "as close as practicable" for that particular vehicle). Here, the undisputed evidence is that defendant initiated his turn into the driveway from eight to ten feet away from the curb. Consequently, the city must prove that, given the circumstances involved, it was more "practicable" for defendant to have turned closer than eight to ten feet from the curb.
 {¶ 13} The city first argues that it satisfied this burden when it presented evidence that the driveway at issue was approximately 14 feet wide. The city contends that a trier of fact could rely upon its own experience to determine that defendant did not have to swing as wide as he did in order to safely negotiate a turn into such a driveway. This argument, however, ignores that the width of a driveway is only one factor a driver must consider when turning. Officer Witherspoon, defendant, and Ridgeway all testified as to other factors affecting the width of defendant's turn into Mulryan's driveway, including the utility pole and the turning radius of defendant's Mountaineer. Therefore, the width of the driveway, alone, cannot prove that defendant's turn was not as "close as practicable" to the curb.
 {¶ 14} Second, the city argues that the trier of fact could have inferred that defendant's turn was not as "close as practicable" to the curb from Officer Witherspoon's testimony that defendant made an "improper wide turn." We do not believe the trier of fact could have properly made this inference in light of the entirety of Officer's Witherspoon's statement. In context, Officer Witherspoon's characterization of the turn as "improper" appears to result from his opinion that it was the cause of the accident. Indeed, according to Officer Witherspoon's testimony, he cited defendant because he caused the accident, not because he was too far from the curb. However, whether defendant caused the accident has no bearing upon whether his turn was "as close as practicable" to the curb.
 {¶ 15} Finally, the city argues that the trier of fact could have inferred that defendant's turn was not as "close as practicable" to the curb from Officer Witherspoon's testimony that, after the accident, he made the turn himself to see whether it could be safely made. However, a trier of fact could not draw such an inference from this testimony because Officer Witherspoon did not state how far he was from the curb when he made his turn. Without this measurement, the trier of fact could not compare Officer Witherspoon's turn to defendant's. Also, even if the record included the relevant measurement, this testimony would be of limited value because Officer Witherspoon was driving his police cruiser, not a sports utility vehicle like defendant. Officer Witherspoon himself could not compare the turns the two vehicles made as he did not know "exactly how much distance [defendant's] vehicle would require [to turn] as opposed to any other." (Tr. at 32.)
 {¶ 16} Accordingly, we conclude that the city failed to offer evidence sufficient to convince a rational trier of fact that defendant's turn was not "as close as practicable" to the curb. Therefore, we sustain defendant's first assignment of error.
 {¶ 17} Given our resolution of defendant's first assignment of error, we find that defendant's second assignment of error is moot, and we decline to address it.
 {¶ 18} For the foregoing reasons, we sustain defendant's first assignment of error and overrule defendant's second assignment of error as moot. Further, we reverse and vacate the judgment of the Franklin County Municipal Court.
Judgment reversed and vacated.
Brown and McGrath, JJ., concur.