DECISION AND JOURNAL ENTRY
{¶ 1} Appellant and Cross-appellee, Ralph Angelori ("Angelori"), and Appellee and Cross-appellant, FirstMerit Bank ("FirstMerit"), appeal from the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On November 22, 2005, FirstMerit filed a complaint in the Medina County Court of Common Pleas to collect on a promissory note in the amount of $75,000. Angelori was served with a copy of the summons and complaint, and on March 17, 2006, filed an answer. On March 31, 2006, FirstMerit filed its first motion for summary judgment. On May 10, 2006, the trial court denied FirstMerit's motion.
 {¶ 3} On March 2, 2007, with leave of court, FirstMerit renewed its motion for summary judgment. On March 27, 2007, Angelori responded by filing a memorandum in opposition to FirstMerit's motion for summary judgment. On April 5, 2007, after being granted *Page 2 
leave, FirstMerit filed its reply memorandum in support of its second motion for summary judgment. FirstMerit attached two new affidavits to its reply. On April 16, 2007, the trial court granted summary judgment in favor of FirstMerit.
 {¶ 4} On May 15, 2007, Angelori filed a notice of appeal to this Court. His appeal was dismissed for lack of a final appealable order. On April 29, 2008, the trial court adopted the magistrate's decision denying FirstMerit's motion for attorney's fees. This constituted a final appealable order, pursuant to R.C. 2505.02. Angelori filed his notice of appeal, raising two assignments of error for our review. FirstMerit subsequently filed a cross-appeal raising one assignment of error for our review.
 II. ANGELORI'S ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED ERROR, PREJUDICIAL TO [] ANGELORI, WHEN IT WEIGHED THE CONFLICTING EVIDENCE AND GRANTED SUMMARY JUDGMENT TO FIRSTMERIT."
 {¶ 5} In his first assignment of error, Angelori contends that the trial court committed prejudicial error when it improperly granted FirstMerit's motion for summary judgment. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from *Page 3 
the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} FirstMerit contends that Angelori has defaulted on the note and seeks damages of $63,956.53, plus interest of 11.75% per annum on the principal balance of $62,099.14, from November 17, 2005 until paid. Angelori contends that the money at issue in this case was disbursed to ACD Advertising, Angelori's business. Specifically, Angelori contends that because no money was issued to him in his personal capacity under the terms of the promissory note, he owes no debt under the promissory note. Rather, Angelori argues, the debt, if any, is owed by ACD Advertising. We do not agree.
 {¶ 10} Initially, we note that FirstMerit attached a copy of the promissory note to its complaint and to its summary judgment motion. The promissory note, dated May 4, 2001, established a line of credit of $75,000, between Angelori, listed as the "Borrower," and FirstMerit, listed as the "Lender." The note renewed a previous line of credit that had been established between Angelori and FirstMerit on February 25, 2000 which had matured in 2001. *Page 4 
It established a variable interest rate, which was initially set at 8.5%. The note also established the terms of default, including any circumstance in which "Borrower fails to make any payment when due," and where "Borrower fails to comply with or perform when due any other term, obligation, covenant, or condition contained in this Note or any agreement related to this Note, or in any other agreement or loan Borrower has with Lender."
 {¶ 11} FirstMerit further points out that in his answer to its complaint, Angelori admitted to the authenticity of the note attached to FirstMerit's complaint. FirstMerit also attached to its summary judgment motion Angelori's affidavit, verifying that he signed the promissory note attached to the complaint. The note identifies "Ralph W. Angelori" as the borrower, without identifying the corporation to which Angelori allegedly transferred the funds upon receipt from the bank.
 {¶ 12} FirstMerit also attached a payment history to its motion which encompassed both the previous line of credit and the current promissory note dated May 4, 2001. The records submitted showed that each payment alleged to have been made by Angelori was applied to the unpaid balance on the note. The payment history also demonstrated fluctuations in the interest rate, along with instances in which FirstMerit made adjustments to the amount of the unpaid principal.
 {¶ 13} FirstMerit further relied on the affidavit of Mark Lampe, Vice President of First Merit. Lampe's affidavit indicated that he had personal knowledge of all matters referred to in the affidavit. He stated that his duties at FirstMerit included supervision of accounts involving FirstMerit's customers who defaulted on notes. Lampe stated that the note was not paid in full and he referenced the attached payment history. Lampe further averred that all sums withdrawn from the line of credit were paid to, or credited to, the account of ACD Advertising, Inc. *Page 5 
Lampe stated that the original note was renewed on or about May 4, 2001. Lampe averred that all payments that Angelori stated were made on the line of credit were evidenced in the history of the payments. Lampe noted that Angelori described seven payments that he had made, which, at Angelori's request, were applied to a loan account in Angelori's wife's name. Copies of these checks, along with the deposit slips indicating that the payments were for Angelori's wife's loan, were attached to First Merit's summary judgment motion.
 {¶ 14} Angelori argues that because the money was advanced to ACD Advertising, and because he did not personally guarantee in writing any debt that ACD Advertising might owe, there is no debt owed by Angelori on the promissory note. This argument is without merit. Under the terms of the promissory note, Angelori agreed that "[a]dvances under this Note, as well as directions for payment from Borrower's accounts, may be requested orally or in writing by Borrower." (Emphasis added.) In other words, Angelori and FirstMerit agreed that Angelori could direct FirstMerit how and to whom to make payments under the note. Angelori nonetheless remained the responsible party.
 {¶ 15} In his affidavit in response to FirstMerit's summary judgment motion, Angelori stated that he had satisfied the debt with FirstMerit. However, we again point to Lampe's averment that all payments that Angelori stated were made on the line of credit were evidenced in the history of the payments and that a debt was still owed on the promissory note. FirstMerit attached a portion of Angelori's deposition testimony to its summary judgment motion. In his deposition, Angelori verified that the document upon which he relied to show that he had fully paid the debt to FirstMerit was a payment schedule and the payment schedule did not reflect any withdrawals from the line of credit after May of 2001. Angelori confirmed, however, that he had made withdrawals from the line of credit after May of 2001. The Supreme Court has held that *Page 6 
"an affidavit of a party opposing judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment." Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 28. Further "[a] nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created." Id at ¶ 29. Angelori's statement that he has satisfied the debt contradicts his deposition testimony. However, Angelori's affidavit does not explain this contradiction. Accordingly, Angelori's statement does not establish a genuine issue of material fact.
 {¶ 16} Angelori further stated that "[t]his affiant never borrowed any sums upon the aforesaid line of credit." Again, we point to Lampe's averment that all sums withdrawn from the line of credit were paid to, or credited to, the account of ACD Advertising. According to the terms of the line of credit, Angelori, as borrower, could orally authorize the disbursement of funds as he chose. In other words, the agreement authorized him to disburse funds not only to himself, but also to ACD Advertising. Finally, we find that Angelori's statement contradicts his deposition testimony, at which he explained his version of the payment schedule and at which he conceded that withdrawals had been made from the account. Byrd, supra, at ¶¶ 28-29. Angelori failed to explain his contradictory statements. Accordingly, we find that this statement does not create a genuine issue of material fact.
 {¶ 17} Under the express terms of the promissory note, Angelori was liable to FirstMerit for the funds disbursed to ACD Advertising as a matter of law. The trial court did not err when it granted FirstMerit's motion for summary judgment. Angelori's first assignment of error is overruled. *Page 7 
 ANGELORTS ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED ERROR, PREJUDICIAL TO [] ANGELORI, WHEN IT PERMITTED THE SUBMISSION OF SUPPLEMENTAL AND ADDITIONAL AFFIDAVITS, AFTER [] ANGELORI FILED HIS BRIEF IN OPPOSITION TO SUMMARY JUDGMENT, FEWER THAN FOURTEEN (14) DAYS BEFORE THE DATE FOR NON-ORAL HEARING, AND WITHOUT SUFFICIENT TIME TO PERMIT RESPONSE BY [] ANGELORI."
 {¶ 18} In his second assignment of error, Angelori contends that the trial court erred when it permitted FirstMerit to submit supplemental and additional affidavits after Angelori filed his brief in opposition to summary judgment, fewer than 14 days before the scheduled non-oral hearing, and without allowing Angelori sufficient time to respond. We disagree.
 {¶ 19} Angelori was entitled to request a continuance to properly respond to FirstMerit's supplemental affidavits. We note that FirstMerit obtained leave from the trial court to file the supplemental affidavits and it is not contested that FirstMerit properly served Angelori with its motion for leave. Under Civ. R. 56(F), Angelori could have filed an affidavit with the court, stating a sufficient reason why he needed additional time to present facts essential to justify his opposition to FirstMerit's supplemental affidavits. Upon review of such an affidavit, the trial court could have ordered a continuance to permit Angelori time to obtain affidavits or to engage in discovery. Angelori, however, failed to make such a request. "Absent compliance with the provisions of Civ. R. 56(F), the error was not preserved for appeal[.]" (Citations omitted). Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78, 87. As the error was not preserved, Angelori's second assignment of error is overruled. *Page 8 
 FIRSTMERIT'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD ATTORNEY'S FEES TO FIRSTMERIT BASED ONLY ON A FINDING THAT THE AMOUNT OF INDEBTEDNESS WAS LESS THAN $100,000 AND THAT THEREFORE AN AWARD OF ATTORNEY FEES WAS PROHIBITED BY R.C. 1301.21."
 {¶ 20} In its sole assignment of error, FirstMerit contends that the trial court erred when it failed to award it attorney's fees based only on a finding that the amount of indebtedness was less than $100,000 and that therefore an award of attorney fees was prohibited by R.C. 1301.21. We do not agree.
 {¶ 21} At the outset, we note that on April 1, 2008, a magistrate issued a decision denying FirstMerit's claim for attorney fees. Under Civ. R. 53(D)(3)(b)(iv)
 "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
 {¶ 22} In its April 29, 2008 judgment entry adopting the magistrate's decision, the trial court noted that no objections to the magistrate's decision were filed. FirstMerit has neither argued plain error, nor has it explained why we should delve into this issue for the first time on appeal. Therefore, this issue may not be raised for the first time on appeal.
 {¶ 23} Accordingly, FirstMerit's assignment of error is overruled.
 III. {¶ 24} Angelori's assignments of error are overruled. FirstMerit's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J., SLABY, J., CONCUR. *Page 1