[Cite as *Huntington Natl. Bank v. Patino*, 2014-Ohio-2000.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

THE HUNTINGTON NATIONAL BANK

    Appellee

    v.

EFRAIN PATINO, aka EFRAIN H.
PATINO, et al.

    Appellant

C.A. No.     13CA0061-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10CIV1291

DECISION AND JOURNAL ENTRY

Dated: May 12, 2014

WHITMORE, Judge.

{¶1}    Appellant, Efrain Patino, appeals from the judgment of the Medina County Court of Common Pleas, granting judgment in favor of Appellee, The Huntington National Bank ("Huntington"). This Court affirms.

I

{¶2}    In March 2008, Patino executed a promissory note in favor of Huntington to purchase a property in Medina, Ohio. Along with the note, Patino also signed a mortgage granting a security interest in the property to Mortgage Electronic Registration Systems, Inc. ("MERS"). On June 25, 2010, MERS assigned the mortgage to Huntington. On July 14, 2010, Huntington filed a complaint of foreclosure against Patino and various other defendants who are not parties to this appeal.

{¶3}    At Patino's request, the case was referred to mediation in December 2010. The parties were unable to resolve the case and it was transferred back to the active docket. With

leave of court, Patino filed an answer to the complaint on December 14, 2011. In April 2012, Huntington filed a motion for summary judgment. The court denied its motion, finding that there were genuine issues of material fact as to whether Huntington had complied with all conditions precedent before filing the foreclosure action.

{¶4} The case was referred to mediation twice more before proceeding to a bench trial before a magistrate on March 1, 2013. After the trial, the magistrate issued findings of fact and conclusions of law. In its decision, the magistrate included the required notice that parties must object under Civ.R. 53(D)(3)(b) to preserve issues for appeal. No objections were filed, and the court adopted the magistrate's decision on March 21, 2013. On July 10, 2013, the court entered a decree of foreclosure. Patino has now appealed and raises one assignment of error for our review.

II

Assignment of Error

THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING JUDGMENT AND DECREE OF FORECLOSURE IN FAVOR OF APPELLEE ON THE FORECLOSURE COMPLAINT.

{¶5} In his sole assignment of error, Patino argues that the court erred in finding that Huntington had established that (1) he was delinquent in his payments and (2) it complied with all conditions precedent before accelerating his mortgage.

{¶6} Civ.R. 53(D)(3)(b) requires a party to file written objections to a magistrate's decision within fourteen days to preserve the issue for appeal. If no written objections are filed, the party waives all but plain error on appeal. Civ.R. 53(D)(3)(b)(iv).

{¶7} Here, the magistrate issued a decision on March 1, 2013, after a bench trial. Patino did not file any objections, and therefore, has waived all but plain error on appeal. *See*

Civ.R. 53(D)(3)(b)(iv). However, Patino has neither argued plain error, nor explained why we should delve into this issue for the first time on appeal. *See FirstMerit Bank v. Angelori*, 9th Dist. Medina No. 08CA003-M, 2008-Ohio-6740, ¶ 20-23. Patino's sole assignment of error is therefore overruled.

## III

**{¶8}** Patino's assignment of error overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶9} I respectfully dissent. A foreclosure suit involves a two-step procedure. *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 25. In addition to determining that a default on an obligation secured by a mortgage has occurred, a trial court must then "consider the equities of the situation in order to decide if foreclosure is [an] appropriate [remedy]." *Skipper* at ¶ 25. Although the trial court determined that Patino was in default, it never weighed the equities before entering the decree of foreclosure. I would remand the matter to the trial court to make that determination.

APPEARANCES:

DAVID N. PATTERSON, Attorney at Law, for Appellant.

JENNIFER MONTY RIEKER, Attorney at Law, for Appellee.