[Cite as *State v. DeCaro*, 2019-Ohio-3438.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-G-0175** |
| JOSEPH P. DECARO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2018 TRD 02610.

Judgment: Affirmed.

*Dennis M. Coyne*, 1428 Hamilton Avenue, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Kimberly Kendall Corral*, 4403 St. Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph P. DeCaro, appeals his conviction for violating R.C. 4511.39 ("Use of signals for stopping, turning, decreasing speed, moving left or right; limitations") following a bench trial in the Chardon Municipal Court.

{¶2} On May 17, 2018, DeCaro was issued a citation for Turn Signal Violations, a minor misdemeanor in violation of R.C. 4511.39.

{¶3} On May 29, 2018, DeCaro entered a plea of "not guilty."

{¶4} On August 15, 2018, trial was held at which the following testimony was presented:

{¶5} Kelley A. Vanek testified that, on May 17, 2018, at about 8:30 a.m., she was operating her vehicle northbound on Munn Road. After crossing the bridge over US 422, she noticed a slow-moving white van:

> As I approached it, I saw that the van pulled into the berm [the right tires were over the white line], and so I made the move to pass on the left. And as I started to cross the line, which it was a split yellow line, * * * the van turned left in front of me, and I was astounded, * * * so I turned hard left and aimed for the field, and I hit a mailbox instead. And then Mr. DeCaro hit me and turned me on my side and I rode [into] the ditch * * *. I did not see a turn signal at any time. He did pull over into the berm, no turn signal, so I assumed * * * that he was pulling over so that I could pass.

{¶6} Vanek estimated that she was thirty to forty feet behind DeCaro's van when she initiated the lane change. She slowed down as she approached his vehicle and then accelerated to pass and was travelling "thirty [m.p.h.] or less" when she decided to pass.

{¶7} As a result of the accident, Vanek pled "no contest" to a charge of violating R.C. 4511.27 ("Rules governing overtaking and passing of vehicles") as she did not signal that she would be passing. Photographs depicting the damage of Vanek's vehicle were introduced into evidence.

{¶8} Trooper Steven D. Jefferies of the State Highway Patrol issued the citation to DeCaro for violating R.C. 4511.39. He explained his decision to issue the citation, based on his interviews with Vanek and DeCaro, as follows:

> The defendant here, in his own words, * * * said he was looking for an address, so that's telling me that he was distracted, his attention wasn't on the road * * *, and he said he was driving slow. * * * [H]e's slowing down looking for an address, going under the posted

2

speed limit of 55 miles per hour [which] gives * * * other drivers on the roadway the right to go around this vehicle. * * * [T]he other vehicle decided to make that pass, and then the defendant tried to * * * make a left-hand turn, and he never checked his mirrors prior to turning left * * * and the crash occurred.

{¶9} Contrary to Vanek's testimony, Trooper Jefferies believes that she struck DeCaro's vehicle, based on "some damage to the right front fender of [her] vehicle" and statements made by DeCaro. Jefferies noted that DeCaro claimed he "was braking after signaling [a] left turn" and applied his turn signal "a couple hundred feet" prior to initiating the turn.

{¶10} DeCaro testified that, on the morning in question, he was driving northbound on Munn Road looking for an address he knew was on the left-hand (west) side of the street and south of Washington Street. He had pulled into a cul-de-sac south of the US 422 overpass and used Google Maps to confirm the location.

I saw it was the last mailbox on the street, essentially, because behind it was again more crops on the left-hand side * * *. And as I got within a couple hundred feet, I saw the address, 17800, and put on my turn signal, and that's when I began slowing down. The numbers on the mailbox were tall six-inch numbers, you couldn't miss them from a couple hundred feet away. As I was slowing to pull in the driveway, I slowed down to five or ten miles an hour as I'm making my turn, and was struck by Ms. Vanek's vehicle as I initiated my turn. * * * [T]he nose of the front left corner of my truck was just probably a couple of feet * * * past the center line of the road.

{¶11} DeCaro denied that he had pulled over to the side of the road or was in the berm. He also claimed to have checked his rearview mirrors shortly after crossing the US 422 overpass, about a quarter of a mile before the accident. He was travelling about forty-five m.p.h. until approximately one thousand feet before turning. At that point, he deduced the last mail box ahead had to be the one he was looking for and he

3

began decelerating to between five and ten m.p.h. in anticipation of turning into the driveway.

{¶12} Vanek was recalled to the stand and questioned as to why Trooper Jefferies' report did not indicate that DeCaro was in the berm. She claimed that Jefferies wrote the report and that she signed without reading thoroughly as she was still shaken by the accident. She added that she subsequently tried without success to contact Jefferies to note that fact. Vanek also testified that she did not see DeCaro either signal a left turn or brake and that he was already on Munn Road when she crossed the overpass.

{¶13} Following the trial, the municipal court found DeCaro guilty and imposed a fine of $0.00 plus [Fine $0 & costs] the payment of court costs, stayed pending appeal.

{¶14} On September 14, 2018, DeCaro filed a Notice of Appeal. On appeal, he raises the following assignment of error:

{¶15} "[1.] The evidence is insufficient to sustain a conviction of R.C. §4511.39 Turn and Stop Signals."

{¶16} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A).

{¶17} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "As a general proposition, a 'sufficiency' argument raises a question of law as to

4

whether the prosecution was able to present some evidence concerning each element of the charged offense." *State v. Almonte*, 11th Dist. Portage No. 2005-P-0093, 2006-Ohio-6688, ¶ 28.

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶18}** In order to convict DeCaro of a violation of R.C. 4511.39, it was necessary for the State to prove, beyond a reasonable doubt, that he "turn[ed] a vehicle * * * or move[d] right or left upon a highway" without "exercis[ing] due care to ascertain that the movement [could] be made with reasonable safety nor without giving an appropriate signal * * *." R.C. 4511.39(A).

**{¶19}** "A motorist is required both to use reasonable care and to properly signal when making a turn, and failure to do either constitutes a violation." *Cuyahoga Falls v. Green*, 112 Ohio App.3d 362, 364, 678 N.E.2d 973 (9th Dist.1996).

**{¶20}** A review of the evidence admitted at trial in a light most favorable to the prosecution leaves no doubt that there was sufficient evidence to sustain DeCaro's conviction. Vanek testified that she did not see DeCaro properly signal when making the turn. This testimony alone is sufficient to convict. Vanek further testified that DeCaro was driving slowly (she did not see brake lights) with two wheels in the berm prior to turning. From these circumstances it may be inferred DeCaro had to check for

5

traffic traveling from both directions before turning (which he admittedly did not do) in order to exercise reasonable care. This testimony likewise supports a conviction. *Compare State v. Clark*, 11th Dist. Portage No. 2001-P-0099, 2002-Ohio-4816, ¶ 12 ("[t]his court would be hard pressed to imagine a scenario where a driver who has pulled off to the side of the road would be relieved of his or her obligation to check for traffic immediately prior to re-entering the roadway for the purpose of making a u-turn") and fn. 2 ("[a]lthough the trial court's decision did not address this issue, we note that appellant also failed to provide an appropriate turn signal").

{¶21} DeCaro's argument on appeal relies on the following comments made by the municipal court judge before rendering judgment:

> I have to say in six and a half years this is probably the most difficult traffic trial I've had. There's been inconsistencies. There's been unreasonable care on both Ms. Vanek and Defendant.
>
> The distance issue while driving slow really is of utmost -- is the utmost issue, important issue that the Court deems here in deciding this case.
>
> I think in driving slow, looking for addresses, Mr. DeCaro was distracted.
>
> Though Ms. Vanek did not use her horn or audible signal in some way in passing, she had the right to do so because of the dotted yellow line.
>
> I don't think that the left-hand turn --- making a left-hand turn, even though he may have had his signal on, that left-hand turn was not made with reasonable safety, given the manner in which he was driving * * * northbound down or up Munn Road; therefore, the Court is finding him guilty.

{¶22} DeCaro construes these comments as factual findings binding on this court that he "remained lawfully in his position of travel, effectuated a left-hand signal and turned left as Vanek hurriedly entered the left lane to pass him in violation of the

6

law." Thus, "[t]o require him to have anticipated that someone would pass him without looking for his signal or brake lights, without initiating her signal, and without signaling audibly to him is to hold him to a standard higher than the courts have set the degree of care of an ordinary and prudent person." Appellant's brief at 9-10.

{¶23} DeCaro's reliance on the municipal judge's comments is misplaced. The remark that he "may have had his signal on" is not even a declarative statement much less a factual finding in the proper sense of the word. It has been held, based on the principle that a "court speaks from its journal," that "[t]he oral announcement of a judgment or decree by the trial court binds no one." (Citations omitted.) *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173, fn. 3, 492 N.E.2d 146 (1986). The same is equally applicable to the judge's remarks on the evidence in the present case -- they are not binding on this court.

{¶24} Moreover, a challenge to the sufficiency of the evidence requires the reviewing court to consider the "evidence admitted at trial" rather than the evidence that the trier of fact may have found persuasive and, based on that evidence, determine whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus; *also, State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997) ("[o]n review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction") (Cook, J., concurring).

{¶25} DeCaro also argues that his conviction effectively criminalizes the act of "reading an address on a mailbox to make a delivery." Appellant's brief at 12.

DeCaro's conviction does no such thing. DeCaro's conviction is due to the manner in which he was driving and stands for the proposition that, where there is testimony that a defendant was operating his vehicle at a speed significantly below the posted speed limit of 55 m.p.h. with two wheels off the road and initiated a left-hand turn without either properly signaling or ensuring that there was no approaching traffic from ahead or behind, sufficient evidence exists to sustain a conviction for R.C. 4511.39.

{¶26} The sole assignment of error is without merit.

{¶27} For the foregoing reasons, DeCaro's conviction for violating R.C. 4511.39 in the Chardon Municipal Court is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.