[Cite as *Gardner v. XPO Logistics Freight, Inc.*, 2024-Ohio-4633.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

DUSTIN GARDNER,

      PLAINTIFF-APPELLANT,

  v.

XPO LOGISTICS FREIGHT, INC., ET AL.,

      DEFENDANTS-APPELLEES.

CASE NO. 9-23-80

O P I N I O N

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 23 CV 25

**Judgment Affirmed**

Date of Decision: September 23, 2024

**APPEARANCES:**

    *Ryan H. Lauer* for Appellant

    *Thomas Brasco Jr.* and *Noah B. Oliver* for Appellees

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Dustin J. Gardner ("Gardner") appeals the judgment of the Marion County Court of Common Pleas, alleging that the trial court erred by granting summary judgment to XPO Logistics Freight, Inc. ("XPO") and Kameron S. Kaylor ("Kaylor") (collectively "appellees"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On April 22, 2022 at 11:48 A.M., Gardner was operating his motorcycle down a two-lane roadway, following a tractor-trailer that Kaylor was driving for his employer, XPO. As these two motorists were going eastbound on State Route 95, they approached an intersection with County Road 101. Kaylor activated his turn signal, indicating that he was going to make a right turn onto County Road 101. Lela Cook ("Cook") was stopped at this intersection with her vehicle situated on the roadway onto which Kaylor was about to turn. After seeing Kaylor activate his turn signal, Cook put her vehicle into reverse and backed up to ensure that the truck had enough room to maneuver onto County Road 101.

{¶3} Kaylor slowed his tractor-trailer down to a speed of fifteen miles per hour and began to turn right. However, Gardner continued going forward and crashed into Kaylor's truck, sustaining serious injuries. Since Kaylor was in the process of making a wide-right turn, Gardner's motorcycle went alongside the truck

before striking the right side of the cab. From her vantage point, Cook was able to witness the collision, describing Gardner's motorcycle as a "streak" that went "right down the * * * side of the truck." (Cook Depo. 20).

{¶4} On January 20, 2023, Gardner filed a complaint alleging that Kaylor was negligent and that XPO was liable through the doctrine of respondeat superior. On July 28, 2023, appellees filed a motion for summary judgment, arguing that Gardner had failed to identify a duty of care that Kaylor had owed to him and breached. Doc. 17. They also argued that Gardner had failed to maintain an assured clear distance ahead ("ACDA") of his motorcycle in violation of R.C. 4511.21(A).

{¶5} On September 21, 2023, Gardner filed a memorandum in opposition to the motion for summary judgment. Included with this memorandum was an affidavit and preliminary report from an accident reconstructionist, Henry P. Lipian ("Lipian"). The preliminary report concluded that the "crash was not an assured clear distance scenario" but was a situation in which the tractor-trailer had "cut off" Gardner. (Doc. 24, Ex. 1). Based on footage from a dashboard camera in the truck, Gardner conceded that Kaylor had activated his right turn signal 14.1 seconds before the collision.

{¶6} On October 3, 2023, a magistrate issued a decision that concluded the motion for summary judgment should be granted and that included this notification:

> A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R.

53(D)(3)(a)(iii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

(Doc. 27). On November 21, 2023, the trial court issued a judgment entry that began by noting that "the period for filing objections [to the magistrate's decision] has passed without objection." (Doc. 31). The trial court adopted the magistrate's decision without modifications and granted summary judgment in favor of appellees "as to all claims." (Doc. 31).

*Assignment of Error*

**{¶7}** Gardner filed his notice of appeal on December 19, 2023. On appeal, he raises the following assignment of error:

**The trial court erred in granting defendant's motion for summary judgment.**

*Standard of Review*

**{¶8}** Appellate courts review an order granting summary judgment de novo. *LVNV Funding LLC v. Culgan*, 2023-Ohio-4706, ¶ 5 (3d Dist.). Under Civ.R. 56, a motion for summary judgment may be granted where no genuine issue of material fact exists for trial; the moving party is entitled to judgment as a matter of law; and reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, ¶ 5 (3d Dist.).

**{¶9}** In making a motion for summary judgment, the moving party bears the initial burden of demonstrating that no genuine issue of material fact exists for trial and that it is, therefore, entitled to judgment as a matter of law. *James B. Nutter &*

*Co. v. Estate of Neifer*, 2016-Ohio-7641, ¶ 5 (3d Dist.). The moving party need not produce evidence to carry this burden but is required to identify the materials in the record that indicate summary judgment is appropriate. *Kent v. Motorists Mutual Insurance Company*, 2022-Ohio-1136, ¶ 8 (3d Dist.).

{¶10} If the moving party carries its initial burden, the burden then shifts to the non-moving party to establish that a dispute over a genuine issue of material fact exists for trial. *Hall v. Kosei St. Marys Corporation*, 2023-Ohio-2021, ¶ 6 (3d Dist.). To defeat the motion for summary judgment, the non-moving party must do more than issue mere denials but must identify specific facts that establish its position. *Durfor v. West Mansfield Conservation Club*, 2022-Ohio-416, ¶ 13 (3d Dist.).

{¶11} Since an award of summary judgment can terminate the litigation, trial courts should grant motions for summary judgment with caution. *Beair v. Management & Training Corp.*, 2021-Ohio-4110, ¶ 18 (3d Dist.). Accordingly, courts must resolve any doubts and construe all the evidence in favor of the non-moving party. *Durnell's RV Sales Inc. v. Beckler*, 2023-Ohio-3565, ¶ 29 (3d Dist.).

*Legal Analysis*

{¶12} In their motion for summary judgment, appellees argued that the evidence in the record established that Gardner's negligent failure to maintain an ACDA ahead of his vehicle was the cause of the accident and his injuries. R.C. 4511.21(A) states that "no person shall drive any motor vehicle* * * upon any street

or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." The ACDA rule operates where

> 'there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible.'

(Citations omitted.) *Pond v. Leslein*, 72 Ohio St.3d 50, 52 (1995), quoting *Blair v. Goff-Kirby Co.*, 49 Ohio St.2d 5, 7 (1976).

> [T]he sudden appearance prong prevents the application of R.C. 4511.21(A) to a situation in which an object, which was not stationary or moving forward ahead of the driver in his or her line of travel, suddenly enters the driver's line of travel from the side '*within* the [driver's] assured clear distance ahead.'

(Emphasis sic). *Pursley v. Estate of Messman*, 2020-Ohio-2985, ¶ 41 (3d Dist.), quoting *Woods v. Brown's Bakery*, 171 Ohio St. 383, 388 (1960).

**{¶13}** In his response, Gardner pointed to his deposition testimony where he stated that a portion of the tractor-trailer crossed into the left lane of State Route 95 just before reaching County Road 101. Since part of Kaylor's vehicle was no longer in the right lane, Gardner argued that the tractor-trailer should be considered a peripheral object that intruded into and "cut off" the ACDA of his motorcycle. (Doc. 24). He also relied on Lipian's report to argue that this accident "was a cut off scenario" not an ACDA scenario. (Doc. 24, Ex. 1).

**{¶14}** However, Gardner concedes that Kaylor activated his turn signal 14.1 seconds before the collision occurred. This was a clear indication that the tractor-

trailer was going to remain in the right lane and in Gardner's line of travel until the turn onto County Road 101 had been completed. *Pangle v. Joyce*, 76 Ohio St.3d 389, 392 (1996) (focusing the ACDA analysis on whether the lead vehicle left the line of travel rather than only considering whether it vacated the lane), citing *Pallini v. Dankowski*, 17 Ohio St.2d 51, 55 (1969).

{¶15} Further, while a portion of the tractor-trailer may have crossed into the left lane of State Route 95, Kaylor was in the process of making a wide-right turn onto County Road 101. Since this evidence does not suggest that Kaylor vacated the right lane or exited the line of travel ahead of Gardner, the tractor-trailer was not a peripheral object that suddenly emerged from the side and into the motorcycle's path. Labeling this situation a "cut off" scenario does not create a genuine issue of material fact. Given these facts, the trial court did not err in concluding Gardner failed to maintain an ACDA of his motorcycle in violation of R.C. 4511.21(A).

{¶16} In addition to arguing that Gardner's negligence caused the accident, appellees also asserted that Gardner had failed to identify any duty that Kaylor owed to him that was breached in this case. They asserted that Kaylor had the right of way and was proceeding lawfully as he turned onto County Road 101. In response, Gardner advanced three main arguments to establish that Kaylor was negligent and that this case should, therefore, be subject to a comparative fault analysis.

{¶17} First, Gardner argued that Kaylor should have activated his turn signal earlier. R.C. 4511.39 states that, "[w]hen required, a signal of intention to turn or

move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle * * * before turning * * *." The evidence in the record indicated that Kaylor activated his turn signal over fourteen seconds before the collision. While Gardner testified that he did not see the activated turn signal before the collision, he did not identify any evidence that would suggest Kaylor failed to comply with the signaling requirements in R.C. 4511.39 as he prepared to turn right. Gardner also did not cite to any legal authority that suggested Kaylor had a duty to signal earlier than he did in this case. Accordingly, this argument is without merit.

{¶18} Second, Gardner argued that Kaylor should have turned the tractor-trailer right without crossing into the left lane of State Route 95. R.C. 4511.36(A)(1) states that "a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway." However,

> swinging wide into the left-hand lane, even if a gap is created at the rear of the larger vehicle that requires a greater turning radius, is considered a lawful way of negotiating a right-hand turn under R.C. 4511.36(A)(1). Under those conditions, a driver is 'as close as practicable' to the curb under Ohio law and is proceeding lawfully.

*Hines v. Cleveland*, 2023-Ohio-2488, ¶ 15, 17 (8th Dist.), citing *Cuyahoga Falls v. Green*, 112 Ohio App.3d 362, 365 (9th Dist. 1996). *See also Keller-Hall v. C.M. Building, Inc.*, 1986 WL 7754, *2 (9th Dist. July 9, 1986).

{¶19} The record indicates that, in turning right, Kaylor had to navigate the tractor-trailer between Cook's stopped car to his left on County Road 101 and a

stationary pole that sat to the right of the street. Kaylor explained that, after activating his turn signal, he steered his tractor-trailer "slightly to the left" on State Route 95 so that he could negotiate this turn without hitting Cook's car or the pole. (Doc. 17, Ex. A). Since the tractor-trailer was making a wide-right turn, Gardner failed to establish that Kaylor failed to comply with R.C. 4511.36(A)(1) or identify any other relevant duty that was breached by maneuvering the truck in this manner. *See Green* at 365. Accordingly, this argument is without merit.

**{¶20}** Third, Gardner argued that Kaylor should have checked his right mirror before turning onto County Road 101. In its motion for summary judgment, appellees relied on *Hines v. Cleveland* to argue that Kaylor proceeded lawfully as he turned. In *Hines*, a car was following a truck on a two-lane roadway. *Hines,* 2023-Ohio-2488, ¶ 2. On reaching an intersection, the truck crossed into the left lane in the process of making a wide-right turn, leaving "a gap between the truck and the curb" in the right lane. *Id.* The car continued forward into this gap, driving alongside the truck in the right lane. *Id.* at ¶ 4. The car then collided with the truck as it turned right. *Id.*

**{¶21}** After reviewing these facts, the Eighth District Court of Appeals noted that "there [wa]s only one lane of travel in the direction the parties were traveling at the intersection." *Hines*, 2023-Ohio-2488, ¶ 19. "Under R.C. 4511.28(A), a driver of a motor vehicle may overtake and pass on the right side of another vehicle only if the vehicle 'overtaken is making or about to make a left turn' or if there are two

lanes of travel in the direction being traveled." *Id.*, ¶ 19, quoting R.C. 4511.28(A). The Eighth District concluded that, since the truck

> was in front of [the car] conducting a right turn onto the cross street, [the truck driver] had no duty to look for or yield to [the car's] attempt to overtake on the right because, as a matter of law, he could assume that [driver of the car] would be driving in a lawful manner.

*Id.* at ¶ 18. However, the Court did clarify that, if the truck driver had been "aware of the [car's] encroachment, then a separate standard of care under common law may [have] arise[n]." *Id.* at ¶ 12.

{¶22} In the case presently before us, Kaylor stated that he "never saw the motorcycle prior to the collision." (Doc. 17, Ex. A). Gardner does not suggest that Kaylor was aware of the motorcycle, asserting instead that Kaylor should have looked for a vehicle encroaching on his right before he initiated the turn. However, the record establishes that Gardner was following directly behind Kaylor in the only eastbound lane on State Route 95. Kaylor then signaled that he was going to turn right. As Kaylor made a wide-right turn, Gardner drove alongside the tractor-trailer in the only eastbound lane on the roadway and then collided with the cab.

{¶23} Following *Hines*, Kaylor had no duty to look to his right for a vehicle traveling alongside his tractor-trailer in the only eastbound lane on the roadway as he made a right turn. *Hines,* 2023-Ohio-2488, ¶ 18. Thus, Gardner failed to establish that Kaylor proceeded unlawfully or negligently as he turned right. In contrast, the trial court correctly concluded that Gardner failed to maintain an

ACDA of his vehicle and was not proceeding lawfully towards the intersection in compliance with R.C. 4511.21(A). *See Weisbarth v. Smeal*, 1993 WL 277188, *2 (8th Dist. July 22, 1993). Accordingly, this argument is without merit.

**{¶24}** Finally, as noted by the trial court in its judgment entry, no objections to the magistrate's decision were filed within the fourteen-day period prescribed by Civ.R. 53(D)(3)(b)(i). The Ohio Rules of Civil Procedure state that

> [e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [in a magistrate's decision], whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv). In other words, "[i]f an appellant does not file timely objections to the magistrate's decision as required by Civ.R. 53(D)(3)(b), that party cannot assert any error on appeal related to that decision '[e]xcept for a claim of plain error * * *.'" *Lake Township v. Walbridge*, 2021-Ohio-3761, ¶ 30 (6th Dist.), quoting Civ.R. 53(D)(3)(b)(iv).

**{¶25}** As the trial court noted in its judgment entry, Gardner did not file any objections to the magistrate's decision. As such, he was limited to raising challenges based upon the plain error standard of review pursuant to Civ.R. 53(D)(3)(b)(iv). However, he has failed to frame any such arguments on appeal. *See Huntington Natl. Bank v. Patino*, 2014-Ohio-2000, ¶ 7 (9th Dist.). For all of these reasons, the sole assignment of error is overruled.

*Conclusion*

{¶26} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**