DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant has appealed from the decision of the Lorain County Court of Common Pleas, Juvenile Division, that denied her motion requesting a name change for her minor daughter, B.W. This Court affirms.
 I {¶ 2} On January 5, 2004, Appellant filed a motion with the Lorain County Court of Common Pleas, Juvenile Division, requesting that the surname of her minor daughter B.W. be changed from Walker to Satyshur. B.W. was born on May 16, 1995 to Appellant and Appellee, an unmarried couple. The record is devoid of any indication that parentage was ever in dispute. Child support and visitation were established and have been subsequently litigated by Appellant and Appellee dating back to November 1995.
 {¶ 3} On April 8, 2004, a hearing was held on Appellant's motion requesting a name change on behalf of B.W. Appellee, proceeding pro se, opposed the motion. On April 20, 2004, the magistrate granted Appellant's motion for a name change; the trial court adopted the magistrate's decision on that same date.
 {¶ 4} On May 5, 2004, Appellee filed a motion captioned "Objection" to the magistrate's April 20, 2004 decision, but offered no arguments or law in support of his objection. On June 14, 2004 Appellee, proceeding with counsel, filed additional objections to the magistrate's decision; the additional objections were supported by law and arguments. In his objections, Appellee challenged, inter alia, the Juvenile Division's subject matter jurisdiction over Appellant's motion for a name change on behalf of B.W.
 {¶ 5} Appellant moved to dismiss Appellee's May 5, 2004 objections, arguing that the objections lacked specificity and particularity as required by Civ.R. 53(E)(3)(b). Appellant also argued that the June 14, 2004 objections should be dismissed as untimely. Appellant also argued that Appellee's challenge of the trial court's subject matter jurisdiction over the motion requesting a name change should be considered waived.
 {¶ 6} A hearing on Appellee's objections was held on August 23, 2004. On September 10, 2004, the trial court vacated the magistrate's decision granting Appellant's motion for a name change on behalf of B.W., finding that the trial court lacked subject matter jurisdiction over Appellant's January 5, 2004 motion requesting the same.
 {¶ 7} Appellant has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"The court erred in finding that it did not have subject matter judrisdiction to hear appellant's motion to change minor child's name."
 {¶ 8} In her sole assignment of error, Appellant has argued that the trial court erred when it concluded that it did not have subject matter jurisdiction over her motion for a name change on behalf of B.W. Specifically, Appellant has argued that pursuant to R.C. 3111.13, the trial court can execute a name change of a minor child so long as it finds that the name change is in the best interests of the child. We disagree.
 {¶ 9} As an initial matter, this Court notes that Appellee failed to file an appellate brief in the instant matter. Therefore, this Court may accept Appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if the appellant's brief reasonably appears to sustain such action. App.R. 18(C); City of CuyahogaFalls v. Green, 112 Ohio App. 3d 362, 365-366.
 {¶ 10} This Court reviews a trial court's decision regarding a motion for the name change of a minor for an abuse of discretion. In re: NameChange of: M.D.P, M.E.P., and S.D.P (Feb. 5, 2003), 9th Dist. Nos. 02CA0029-M, 02CA0030-M 02CA0031-M, at 4. This Court will not substitute its judgment for that of the trial court absent an abuse of discretion. In re Jane Doe I (1991), 57 Ohio St.3d 135. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} However, we conduct a de novo review of a trial court's legal determination regarding its subject matter jurisdiction over a controversy. Smith v. Smith (Mar. 26, 2003), 9th Dist. No. 21204, at 5, citing McClure v. McClure (1997), 119 Ohio App.3d 76, 79.
 {¶ 12} This Court has previously recognized that "[n]ame changes for minors are governed by R.C. 2717.01." M.D.P., at 3. R.C. Chapter 2717, titled "Change of Name," states that in order to properly effectuate a name change, a person must file an application in the probate court of the county in which he resides. R.C. 2717.01(A). Regarding a minor wishing to effectuate a name change, the statute states that a parent, legal guardian, or guardian ad litem may file an application in the probate court of appropriate jurisdiction requesting a name change on behalf of the minor. R.C. 2717.01(B).
 {¶ 13} Ohio's parentage statute, codified at R.C. Chapter 3111, allows a trial court to decide the issue of a name change at the time parentage is established. See, R.C. 3111.13; see, also, Bobo v. Jewell (1988),38 Ohio St.3d 330 (holding that R.C. 3111.13(C) confers jurisdiction to the trial court to decide a child's name in the context of a parentage action.) Pursuant to R.C. 3111.13:
"(A) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.
"(B) If the judgment or order of the court is at variance with the child's birth record, the court may order that a new birth record be issues under [R.C. 3111.18].
"(C) * * * the judgment or order may contain, at the request of a party and if not prohibited under federal law, any other provision directed against the appropriate party to the proceeding, concerning the duty of support, the payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement, the furnishing of bond or other security for the payment of the judgment, or any other matter in the bestinterest of the child." (Emphasis added.)
 {¶ 14} In the instant matter, Appellant has argued that the trial court erred when it concluded that because parentage had already been established, the trial court did not have jurisdiction to decide Appellant's motion requesting a name change on behalf of B.W. Appellant also has argued that Appellee waived his objection to the trial court's subject matter jurisdiction to decide the motion for a name change because Appellee failed to timely object to the trial court's subject matter jurisdiction.
 {¶ 15} This Court feels compelled to point out that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton (2002),535 U.S. 625, 630, 122 S. Ct. 1781, 152 L.Ed.2d 860; See, Louisville Nashville R.R. Co. v. Mottley (1908), 211 U.S. 149, 29 S. Ct. 42,53 L. Ed. 126. Thus, Appellant's argument that Appellee waived his challenge to the trial court's subject matter jurisdiction in the instant matter is without merit.
 {¶ 16} Relying on Bobo, Appellant next has argued that the court of common pleas had jurisdiction pursuant to R.C. 3111.13(C) to grant her motion for a name change on behalf of B.W. In Bobo, the Ohio Supreme Court's opinion was "confined to the narrow question of changing an illegitimate child's surname after parentage has been established."Bobo, at 333. The court acknowledged with favor the line of cases holding that, pursuant to R.C. 2717.01, the probate court was vested with the exclusive jurisdiction over "parental petitions to change the name of a minor[.]" (Citation omitted.) Id. This Court has interpreted R.C. 2717.01
in accord with Bobo. See, M.D.P., supra; see, also, In the Matter of theName Change of R.E.S. (Aug. 9, 2000), 9th Dist. No. 19797, at 8. However, in Bobo, the court found that the trial court had jurisdiction over a petition for the name change on behalf of a minor because the name change had been filed "in the context of a parentage action pursuant to R.C. 3111.04(A)." Bobo, at 333-34.
 {¶ 17} Our review of the record in the instant matter reveals that Appellant and Appellee were litigating issues involving support and visitation; parentage was well established and never in dispute. Therefore, Appellant's petition requesting a name change on behalf of B.W. was not filed in the context of a parentage action pursuant to R.C. Chapter 3111. As a result, the trial court did not have jurisdiction over Appellant's motion requesting a name change on behalf of B.W.[1] It follows that the trial court did not err when it vacated the magistrate's decision granting Appellant's motion for the same.
 {¶ 18} Appellant's sole assignment of error is without merit.
 III {¶ 19} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.
[1] We note that two prior decisions from this Court, Provchy v.Casteel (Aug. 9, 2000), 9th Dist. No 19858, and Ady v. Felter (Dec. 22, 1990), 9th Dist. No. 98CA0059, are distinguishable from the instant matter because these two prior cases address parentage.