OPINION
{¶ 1} Appellant, Sherry Ann Malott, appeals the judgment of the Brown County Court of Common Pleas, Probate Division, granting the name change of her daughter in favor of appellee, Jerome ("Jerry") Kombrinck. We affirm the trial court's decision.
 {¶ 2} The daughter, Stevie Jo Marie Malott, was born during the marriage of the parties. Prior to her marriage to Jerry, Sherry had been married to Michael Malott with whom she had a son. Jerry and Sherry separated approximately two weeks before Stevie's birth on April 11, 2002. Although aware of the pregnancy, Jerry was not informed of the impending birth by Sherry; he was made aware of the birth at a later time by a friend. On the birth certificate, Sherry listed the child's name as "Stevie Jo Marie Malott," giving the child the surname of Sherry's ex-husband.
 {¶ 3} Shortly thereafter, Sherry filed for divorce. Jerry did not discover that Stevie was given the last name "Malott" until he received the divorce papers. The parties went through extensive divorce proceedings that were finalized on August 27, 2003. However, the parties continued to address issues regarding the divorce that were not resolved until June 2004. Jerry filed an application to change Stevie's surname to Kombrinck on January 18, 2005. Sherry had retained the surname Kombrinck until a judgment nunc pro tunc was entered after the application was filed, which restored the surname of her former husband. A hearing was held in front of a magistrate who denied the application. Jerry filed objections to the decision of the magistrate and, upon further review, the trial judge granted the name change. Sherry timely appealed, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT'S DECISION GRANTING THE NAME CHANGE OF THE MINOR CHILD CONSTITUTED AN ABUSE OF DISCRETION BECAUSE THE EVIDENCE SUPPORTING THE NAME CHANGE WAS INSUFFICIENT."
 {¶ 6} In her first assignment of error, Sherry argues the trial court abused its discretion by granting the name change. Name changes for minors are governed by R.C. 2717.01. The standard for deciding whether to permit a name change is "proof that . . . the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." R.C. 2717.01(A); In re Willhite, 85 Ohio St.3d 28, 30,1999-Ohio-201. In determining whether a reasonable and proper cause for a name change has been established, a court must consider the best interest of the child. Id. at 32. A probate court's determination of whether a proposed name change should be granted will only be reversed if it constitutes an abuse of discretion. In re Change of Name ofBarker, 155 Ohio App.3d 673, 2003-Ohio-7015, ¶ 8, citing In reCrisafi (1995), 104 Ohio App.3d 577, 581. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} In determining the best interest of the child, the trial court should consider the following factors: 1) the effect of the change on the preservation and development of the child's relationship with each parent; 2) the identification of the child as part of a family unit; 3) the length of time that the child has been using a surname; 4) the preference of the child if the child is of sufficient maturity to express a meaningful preference; 5) whether the child's surname is different from the surname of the child's residential parent; 6) the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; 7) parental failure to maintain contact with and support of the child; and 8) any other factor relevant to the child's best interest. Willhite; Bobo v.Jew ell (1988), 38 Ohio St.3d 330, paragraph two of the syllabus.
 {¶ 8} Sherry argues there was insufficient evidence that changing Stevie's surname was in the child's best interest. Sherry further argues a review of the evidence in light of the Willhite factors does not support the conclusion to change Stevie's name.
 {¶ 9} Sherry testified at the hearting that she planned to revert her surname to "Malott" following the divorce. She also stated that she gave Stevie the surname "Malott" because she wanted to create a family unit by having the same last name for both of her children. Sherry cites that the shared parenting agreement, signed by Jerry, refers to the child as "Stevie Jo Malott." Sherry also testified that Stevie was to retain "Malott" as part of the final decree of divorce. In contrast though, Jerry testified that he signed the agreement to finalize the divorce process. The process lasted longer than fifteen months with no agreement where numerous drafts of the separation agreement were exchanged. He testified that he intended to file for the name change after the divorce process because the parties continued to address issues regarding the divorce through June 2004. In addition, Sherry did not revert to the name "Malott" when the divorce was finalized, she retained "Kombrinck." It was not until after Jerry filed the application that she changed her surname.
 {¶ 10} Evidence at the hearing demonstrated that Stevie is close to Jerry and sees him as well as her paternal grandparents on a regular basis. Jerry has been compliant with all of his parental obligations. At the hearing, Jerry testified that Stevie often cries and questions her surname. He also stated that she not only refers to him as "daddy," but also "Jerry." He believes that Sherry named Stevie out of spite and revenge. Linda Bruno, Jerry's stepmother and grandmother to Stevie, testified that Stevie constantly asks who her father is, who her grandparents are, what their names are, and what their relationship is to her. Also, Judy Burns, Jerry's fiancé, testified that Stevie often asks, "You're Judy? You're Jerry? Who am I?"
 {¶ 11} In reaching a final judgment, the trial court applied the factors of Willhite. The trial court found that the preservation and development of Stevie's relationship with Jerry and his family is clearly an issue because Sherry gave Stevie the name of another man who is not the father. Regarding identification of the child as part of a family unit, the trial court stated that Stevie's half-brother has a different father, she is aware of that fact, and questions why they both have the same surname. As a result, the trial court concluded, "If anything, having the same surname as the half-brother would create more confusion than it would eliminate. Creating a fiction that the children are full siblings will only require many years of explanations." The court stated this reason also applies to the potential embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the residential parent.
 {¶ 12} Given the testimony and the trial court's application of the facts to the Willhite factors, we find the judgment was not unreasonable, arbitrary, or unconscionable. Sherry's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT'S FINDING THAT THE COMMON PLEAS COURT DID NOT HAVE JURISDICTION TO CHANGE A MINOR CHILD'S SURNAME CONSTITUTED AN ABUSE OF DISCRETION."
 {¶ 15} Sherry argues the trial court abused its discretion by finding that the common pleas court did not have jurisdiction. Specifically, she states that the domestic relations division had jurisdiction rather than the probate division because the domestic relations division governed the parties' divorce proceedings. Further, Sherry urges there was testimony that Jerry planned on filing for the name change after signing the separation agreement which is still part of the divorce proceedings.
 {¶ 16} R.C. 2717.01 vests exclusive jurisdiction in the probate court to change a child's name. Porter v. Walker, Lorain App. No. 04CA008575,2005-Ohio-2972; Bowen v. Thomas (1995), 102 Ohio App.3d 196, 203. Since the probate court is the court with proper jurisdiction and the probate court heard the application to change the child's name, "the domestic relations court is without jurisdiction to order a change in the child's name pursuant to R.C. 2717.01." Bowen at 203. The probate court can grant a name change if it is in the child's best interest. Sherry's second assignment of error is overruled.
 {¶ 17} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.