OPINION *Page 2 
{¶ 1} Appellant Bernard Eagleson appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, which reversed the magistrate's determination and held the minor child of appellant and appellee Aleita Hall should carry his mother's last name.
 {¶ 2} Appellant's pro se brief does not set out a specific assignment of error, but the essence of his appeal is he wants his minor son to have the last name of Eagleson.
 {¶ 3} The record indicates on March 8, 2007, appellant filed a complaint for court review of administrative findings and orders. Appellant's complaint states he agrees with the orders, but asks the court to postpone the start of his child support payments until he returns to work from sick leave. Appellant also filed a complaint to establish parenting time on March 12, 2007.
 {¶ 4} A magistrate conducted a hearing on April 6, 2007, and entered a decision on April 17, 2007. The magistrate found appellant is the father of the minor child and designated appellee as the residential parent and legal custodian. The magistrate adopted the administrative order of child support and ordered the child's last name be changed from appellee's last name, Hall, to appellant's last name, Eagleson. The magistrate ordered appellant to complete a certified parenting class prior to having unsupervised visits. The magistrate also set up a minimum parenting schedule.
 {¶ 5} On April 30, 2007, appellee objected to the magistrate's order changing the child's last name. On May 23, 2007, the trial court entered a judgment sustaining the objection. *Page 3 
 {¶ 6} The trial court's journal entries states: "A child's name may be changed either in the Probate Division under the authority of R.C. 2717.01 or as a part of the administrative order establishing the parent-child relationship under the authority of Revised Code Section 3111.52. This is not an action in the Probate Court under 2717.01. This could possibly be considered to be part of an administrative order establishing a parent-child relationship under Chapter 3111 of the Revised Code. Revised Code Section 3111.52 requires the parties to be in agreement as to the change of the child's surname before the administrative order would issue to change the birth certificate. The parties in this case are not in agreement."
 {¶ 7} Because the trial court did not have a transcript of the April 6, 2007 hearing, the trial court was limited to reviewing the magistrate's decision to determine whether the findings of fact support the factual findings and conclusions of law, McConkey v. Roberts, Guernsey App. No. 06CA35, 2007-Ohio-6102 at paragraph 20, citingRoberts v. Payton (1995), 1005 Ohio App. 3d 597, 600.
 {¶ 8} Civ. R. 53 (D)(2)(3)(a)(ii) provides a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. Neither party requested findings of fact, and the magistrate's decision is very brief.
 {¶ 9} The trial court cited R.C. 3111.52, which deals with the ability of a Child Support Enforcement Agency to change the surname of a child if both parties agree. However, the trial court is incorrect in finding a child's name may only be changed in the Probate Division or in an administrative proceeding. *Page 4 
 {¶ 10} This Court must conduct a de novo review of a trial court's legal determination regarding its subject matter jurisdiction over a controversy, Smith v. Smith (Mar. 26, 2003), 9th Dist. No. 21204, at 5, citing McClure v. McClure (1997), 119 Ohio App.3d 76, 79,694 N.E.2d 515.
 {¶ 11} In the seminal case of Bobo v. Jewell (1988),38 Ohio St. 3d 330, 528 N.E. 2d 180, the Ohio Supreme Court held: "Pursuant to R.C. 3111.13 (C) a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child." Syllabus by the court, paragraph 1.
 {¶ 12} In Bobo, the Supreme Court acknowledged there is authority for the proposition a parent's petition to change the name of a minor falls within the exclusive jurisdiction of the Probate Court, Id. at 333, citations deleted. However, the court found in the context of a parentage action, a juvenile division of the common pleas court may make whatever orders it finds are in the best interest of the child, including ordering a new birth certificate to be issued to change the child's name.
 {¶ 13} Later cases have construed Bobo to be limited to the court's initial decision in a parentage action. Courts have held once parentage is established, the juvenile division of common pleas court loses jurisdiction to rule on a name change, and at that point, the matter falls only under the jurisdiction of the Probate Court, see, e.g.,Porter v. Walker, Loraine App. No. 04CA008575, 2005-Ohio-2972.
 {¶ 14} Because this case deals with the original orders in a paternity determination, we find the trial court had the authority to make whatever orders it *Page 5 
deemed appropriate in the best interest of the child. We find while the administrative agency could only order the child's name change if the parties agree, the trial court is not under the same restriction.
 {¶ 15} We find the trial court erred as a matter of law in holding it did not have jurisdiction over the child's name change.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 Gwin, J., Hoffman, P.J., and Edwards, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1