[Cite as *Poole v. Poole*, 2014-Ohio-5611.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

REBECCA RISLEY POOLE,  :  **O P I N I O N**

       Plaintiff-Appellant,

       - vs -  :  **CASE NO. 2014-A-0022**

       :

JEFFORY WAYNE POOLE,

       :

       Defendant-Appellee.

Civil Appeal from the Ashtabula County Court of Common Pleas, Domestic Relations Division, Case No. 2012 DR 284.

Judgment: Reversed and remanded.

*Jane Timonere*, Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Gary L. Pasqualone*, Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Rebecca Risley Poole ("Ms. Risley"), appeals from the March 11, 2014 judgment of the Ashtabula County Court of Common Pleas, Domestic Relations Division, granting her and appellee, Jeffory Wayne Poole ("Mr. Poole"), a divorce and changing their child's surname from Risley to Poole. For the reasons that follow, we reverse and remand.

{¶2} Ms. Risley and Mr. Poole were "sexually involved cohabitants" before marrying. They conceived a child prior to their April 20, 2012 wedding. Following allegations that Mr. Poole physically abused Ms. Risley, who was pregnant at the time, the parties separated.

{¶3} On July 5, 2012, approximately two months after marrying and before the birth of their child, Ms. Risley filed a complaint for divorce. The following month, Mr. Poole filed an answer and counterclaim for annulment along with a motion for genetic testing to determine the parentage of the child.

{¶4} On November 28, 2012, Ms. Risley gave birth to a baby girl. Ms. Risley designated her daughter's surname as "Risley," her maiden name.

{¶5} On February 8, 2013, the domestic relations court granted Mr. Poole's motion for genetic testing. DNA test results revealed a 99.99996 percent probability of paternity that Mr. Poole was the father of the parties' child.

{¶6} A contested final hearing occurred on February 26, 2014. On March 11, 2014, the domestic relations court granted the parties a divorce and, inter alia, changed their daughter's surname from Risley to Poole. Ms. Risley filed a timely appeal and asserts the following assignment of error:

{¶7} "The trial court lacked jurisdiction to change the child's surname to that of the father. Further, even if the trial court had such jurisdiction, it failed to comply with the statutory procedure in determining that such name change was proper and used a discriminatory and illegal basis as justification for the name change."

{¶8} We review a lower court's decision regarding a name change under an abuse of discretion standard. *In re Name Change of Juntunen*, 11th Dist. Trumbull No. 2000-T-0103, 2001 Ohio App. LEXIS 3354, *5 (July 27, 2001). Regarding this standard,

2

we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the lower court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

{¶9} A domestic relations court is without jurisdiction to order a change in a child's name. *Bowen v. Thomas*, 102 Ohio App.3d 196, 203 (3d Dist.1995); *In re Change of Name of Malott*, 12th Dist. Brown No. CA2006-02-005, 2006-Ohio-7024, ¶16. Rather, R.C. 2717.01 vests exclusive jurisdiction in the probate court to change a child's name, only upon a finding that such change is in the child's best interest. *Bowen, supra,* at 203, citing *Bobo v. Jewell*, 38 Ohio St.3d 330 (1988); *Malott, supra,* at ¶16, citing *Porter v. Walker*, 9th Dist. Lorain No. 04CA008575, 2005-Ohio-2972.

{¶10} In this case, the domestic relations court's ruling that the child should bear her father's surname rather than the surname that was given to her by her mother was error on several grounds. First, the domestic relations court was without jurisdiction to change the child's surname from Risley to Poole as part of the divorce decree. *Bowen, supra,* at 203; *Malott, supra,* at ¶16. Second, even if it had jurisdiction, the court did not follow the name change procedure under R.C. 2717.01 as no application for a name change was filed. Also, Mr. Poole did not testify at the February 26, 2014 contested hearing that a name change was in his daughter's best interest.

{¶11} Nevertheless, in its March 11, 2014 divorce decree, the domestic relations court decided to change the child's surname. The court's basis for doing so, however, was based upon factual findings that do not appear to be supported by the record. The court

3

found at page five of its entry that the "child was conceived and born during the period of the marriage." This finding is not wholly accurate as it appears the child was conceived *prior* to the parties' wedding date. Also, the child was born after the divorce complaint was filed but before the parties were granted a divorce.

{¶12} Specifically, the following facts emanate from the record in chronological order: (1) the child was conceived; (2) the parties married on April 20, 2012; (3) the divorce complaint was filed on July 5, 2012; (4) the child was born on November 28, 2012; (5) the contested final hearing was held on February 26, 2014; and (6) the divorce decree was filed on March 11, 2014. Generally, "'[d]uring the marriage' means the period of time from the date of the marriage through the date of the final hearing in the divorce action." *Albright v. Putman-Albright*, 2d Dist. Montgomery No. 25824, 2014-Ohio-622, ¶26; R.C. 3105.171(A)(2). Thus, in this case, it appears that "during the marriage" would mean from April 20, 2012 (the date of the marriage) through February 26, 2014 (the date of the final hearing in the divorce action).

{¶13} In any event, the court went on to state at page 5-6 of its entry: "In completing the child's birth record, [Ms. Risley] unilaterally gave the child her maiden name, rather than the father's last name. The Court finds that the child's birth record should be corrected to reflect the father's last name of Poole."

{¶14} Even assuming the domestic relations court had jurisdiction to change the child's surname, it did not provide any further explanation or justification for its decision on this issue. Thus, the final grounds establishing error include the fact that the court did not consider whether there was reasonable and proper cause for changing the child's name. Also, the court did not make any determination that the name change was in the child's best interest. *See, e.g., In re Willhite*, 85 Ohio St.3d 28 (1999).

{¶15} Upon review, the court's ruling wrongly honored the longstanding, unjustifiable, sexist American tradition of paternal naming, i.e., patronymy (the practice of giving children the surname of their fathers). Historically, traditional naming laws gave fathers a naming benefit, while denying it to mothers, solely because of gender. However, these laws giving fathers the absolute right to name their children have been replaced, by statute or judicial decision, with apparently gender-neutral standards. *See Willhite*, *supra.*

{¶16} One such statute is R.C. 3705.09 which states in part at (F)(1): "If the mother of a child was married at the time of either conception or birth or between conception and birth, the child shall be registered in the surname *designated by the mother*, and the name of the husband shall be entered on the certificate as the father of the child." (Emphasis added.)

{¶17} Accordingly, pursuant to R.C. 3705.09(F)(1), a mother "married at the time of either conception or birth or between conception and birth" is permitted to register her child with any surname the mother designates. Thus, based on the facts presented, Ms. Risley exercised her legal prerogative, under R.C. 3705.09(F)(1), to give the child her maiden surname of "Risley."

{¶18} For the foregoing reasons, Ms. Risley's sole assignment of error is well-taken. The judgment of the Ashtabula County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

5