[Cite as *In re C.R.G.*, 2019-Ohio-192.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


IN RE:                                    :

    C.R.G.                             :        CASE NO. CA2018-03-061

                                            :        O P I N I O N
                                                        1/22/2019
                                            :

                                            :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2017-0436


Scott Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for appellant, A.R.

Jeffrey G. Holcomb, 5900 West Chester Road, Suite K, West Chester, Ohio 45069, for appellee, D.R.


**PIPER, J.**

{¶ 1}   Appellant, A.R. ("Father"), appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, denying his petition to change the surname of his daughter, C.R.G.

{¶ 2}   Father and D.R. ("Mother") engaged in a relationship, during which C.R.G. was conceived. However, Mother and Father never married and ended their relationship before C.R.G.'s birth. Father impregnated a second woman while Mother was pregnant with C.R.G.

and later married that woman. Father's wife gave birth to a child, C.R.G.'s half-sibling, who has Father's surname.

{¶ 3} Father was not present when C.R.G. was born and had no input in naming her. Nor did Father sign the birth certificate, and the child was instead given Mother's last name. Since that time, Mother's last name has changed because she married and took her husband's surname. Mother became pregnant with C.R.G.'s half-sibling, who took the surname of Mother and her husband. Thus, C.R.G. is the only member of the blended family with Mother's maiden name as her surname.

{¶ 4} Father's parentage was established in the juvenile court approximately eight months after the child's birth. Father then filed a motion seeking a name change for the child as well as motions for shared parenting or custody, visitation, child support, and tax exemption status regarding the child. Thereafter, Mother and Father reached agreements regarding child support and shared parenting, but could not reach an agreement on Father's request for a name change.

{¶ 5} After a hearing on the matter, the juvenile court denied Father's motion for the name change. Father now appeals the juvenile court's denial of his motion to change the child's surname, raising the following assignment of error:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO CHANGE THE SURNAME OF C.R.G.

{¶ 7} Father argues in his assignment of error that the juvenile court erred in denying his motion to change the child's surname.

{¶ 8} The Ohio Supreme Court has held that the same rationale applies to a name change action in probate court pursuant to R.C. 2717.01 and a name change in a juvenile court paternity action pursuant to R.C. 3111.13(C). *D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743. Pursuant to R.C. 3111.13(C), a juvenile court may determine the surname by

which the child shall be known after establishment of the existence of the parent and child relationship and a showing that the name determination is in the best interest of the child. *Bobo v. Jewell*, 38 Ohio St.3d 330 (1988).

{¶ 9} In determining whether a reasonable and proper cause for a name change has been established, a court must consider the best interest of the child. *In re Change of Name of Malott*, 12th Dist. Brown No. CA2006-02-005, 2006-Ohio-7024, ¶ 6. A court's determination of whether a proposed name change should be granted will only be reversed if it constitutes an abuse of discretion. *Id.* An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} In determining the best interest of the child, the court should consider the following factors: 1) the effect of the change on the preservation and development of the child's relationship with each parent, 2) the identification of the child as part of a family unit, 3) the length of time that the child has been using a surname, 4) the preference of the child if the child is of sufficient maturity to express a meaningful preference, 5) whether the child's surname is different from the surname of the child's residential parent, 6) the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's, 7) parental failure to maintain contact with and support of the child, and 8) any other factor relevant to the child's best interest. *Jewell*, 38 Ohio St.3d at paragraph two of the syllabus.

{¶ 11} A parent who seeks to alter the status quo by changing the child's surname bears the burden of presenting sufficient evidence to affirmatively demonstrate that the change is in the child's best interest. *Gray v. King*, 12th Dist. Clermont No. CA2013-01-006, 2013-Ohio-3085. "The outdated tradition of granting the paternal surname to a child in unmarried-parent situations is not to be considered as a factor." *Id.* at ¶ 32. Additionally, a

preference that a child bear the father's surname as a reward for paying child support is improper. *Id.*

{¶ 12} After a thorough review of the record, we find no abuse of discretion in the juvenile court's decision denying Father's motion to change his daughter's surname. The only evidence in support of the name change was Father's contention that the child will be the only one in the family with her specific surname given that the child's surname is different than his and different than Mother's due to her recent marriage. Father also raised his concern that the child could be confused and embarrassed if asked for an explanation as to the differing surnames.

{¶ 13} While it is true that the child's half-siblings, Mother, and Father have different surnames than the child, the court considered that the child was 17 months old at the time of the hearing, and thus did not have a preference regarding her last name and did not otherwise understand the concept of her last name being different. The court also considered that the child's surname had little to no effect on the preservation and development of the child's relationship with each party, as both parents love the child and share parenting of her regardless of her surname.

{¶ 14} The court also considered that changing the child's surname to Father's last name would result in the child having a different name than Mother, Mother's husband, and their children, which is the same as the child's surname currently being different than Father, Father's wife, and their children. Either way, the child will not carry a last name shared by both parents or the families they have created with new spouses.

{¶ 15} During Father's testimony when asked why he moved for the name change, Father responded, "I just don't want her to be confused about why she's the only one with that name or… that's pretty much it. I just, I don't know how to explain it." However, Father

- 4 -

was not able to articulate any specific facts or evidence as to why the child's current name should be changed to comport with her best interests.

{¶ 16} Father later testified that the name change was "something that was important to me because my son has [my surname], my daughter will have it. I wasn't able to put my two cents in when [C.R.G.] was born." However, the focus of a court's determination of a name change is on the *child's* best interests, not the preference of a parent or the importance placed upon a surname by a parent. The fact that Father places importance on the child having his surname does not demonstrate why changing the name is within the child's best interests or how Father now being able to put his "two cents" in regarding the child's name is within her best interests. Instead, the juvenile court focused on the child's best interests, rather than Father's, and comported with Ohio law in so doing.

{¶ 17} The court considered that the circumstances of today's "modern world" are such that blended families are common and it is unlikely that the child would suffer from "questioning, insult, embarrassment, discomfort or inconvenience from friends, schoolmates or others because her last name differs from her parents and siblings." Moreover, Father's argument that the child *could* suffer embarrassment and confusion if she did not have his surname is speculative and nothing in the record supports Father's concern regarding confusion or embarrassment to the child.

{¶ 18} The court found that both parties' arguments were "equally compelling" so that Father failed to carry his burden of presenting sufficient evidence to affirmatively demonstrate that a change from the child's surname was in her best interest. We find no abuse of discretion in this decision. Father's single assignment of error is overruled.

{¶ 19} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.

- 5 -