[Cite as *In re J.S.R.*, 2025-Ohio-4407.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

IN RE:                                    :

    J.S.R.                              :          CASE NO. CA2025-04-003

                                        :          OPINION AND
                                                     JUDGMENT ENTRY
                                        :          9/22/2025

                                        :

                                        :

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20234098

Mother, pro se.

**O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Mother, appeals the decision of the Preble County Court of Common Pleas, Juvenile Division, granting Father's request to change the surname of the minor child. For the reasons outlined below, we reverse the decision of the trial court and remand for further proceedings.

## I. Factual and Procedural Background

{¶ 2}   J.S.R. is the minor child of Mother and Father. The parties were never married and separated when Mother was approximately five months pregnant. Since birth, J.S.R. has used Mother's surname, which is shared by three of J.S.R.'s siblings, and is reflected in the child's medical records and community life.

{¶ 3}   On July 10, 2023, Father filed a Complaint for Paternity, petitioning the trial court to find he is the natural father of J.S.R., grant custody, establish child support to be paid to Mother, establish visitation and parenting time for Mother and himself, and "[f]or any and all further relief as this Court shall deem just and proper."

{¶ 4}   A hearing on the matter was held before a magistrate on March 28, 2024, but a scheduling error caused the hearing to occur too early without Mother present. Believing that Mother had simply failed to appear, the magistrate issued a decision on the hearing March 29, 2024. Mother filed objections, and on April 16, 2024 the trial court vacated the magistrate's decision and scheduled a new hearing.

{¶ 5}   A new hearing was held before the magistrate on June 14, 2024. At the beginning of the hearing, the parties stated their agreement with most of the provisions of the March 29, 2024 magistrate's decision with several modifications. Father's attorney then asked, for the first time, ". . . while we're here, Your Honor, just let me ask. [Mother], would you have any objection to the child's name being changed to [Father's Surname]?" Mother responded that she did not want to change J.S.R.'s name.

{¶ 6}   Recognizing that all other issues had been resolved, the magistrate found that the court would need to hear testimony and render a decision on the surname change. Mother objected to proceeding on the matter of the surname change, stating "I

wasn't quite prepared for this because . . . it wasn't in the original filing . . . I didn't expect it to come up." The magistrate responded, "it is something that the court has the power to do," and continued with the hearing.

{¶ 7} Later in the hearing, Mother sought to admit text messages regarding the lack of Father's bond with the child, but the trial court denied admission as the text messages were not offered during discovery. Mother again objected, stating "we're at a point of discussion of something that I guess wasn't on the original order, it seemed they weren't asking for [the surname change] originally." The magistrate overruled the objection, stating "But the complaint does I think raise that issue . . . once the paternity has been established by the court, then that throws into play all of the allocations of parental rights and responsibilities. And I think the child surname designation comes under that heading which means it was raised by the complaint." The magistrate concluded that Mother's surprise at the surname change was just the "risk you take in not having representation."

{¶ 8} On June 14, 2024, the magistrate issued a decision ordering that J.S.R.'s surname be changed to mother's and father's surnames, separated by a hyphen. On June 29, 2024, Mother submitted a written objection to the trial court, asserting (among other objections) she lacked prior notice of the surname change issue and was prevented from adequately preparing for the hearing. On October 23, 2024, Mother filed supplemental objections and attempted to introduce into evidence several academic publications on the impact of surname changes on young children, and several letters from "key individuals" familiar with J.S.R.

{¶ 9} In an entry journalized March 12, 2025, the trial court overruled Mother's

objections and found that changing J.S.R.'s surname was in the child's best interest. The trial court refused to consider the studies and letters, reasoning that Mother "cannot present evidence she forgot/failed to present at hearing for consideration after the hearing." The entry did not discuss the notice issue.

{¶ 10} Mother now appeals, raising four assignments of error for our review.[1]

**II. Legal Analysis**

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY ADDRESSING THE SURNAME CHANGE WITHOUT PRIOR NOTICE OR AN OPPORTUNITY TO PREPARE, DENYING HER A FAIR HEARING.

{¶ 13} In Mother's first assignment of error, she argues that the trial court erred by proceeding with the hearing on Father's request to change J.S.R.'s surname without providing Mother adequate notice. Upon review of the record, it is clear Mother had no prior notice that the issue of a surname change would be addressed at the hearing on June 14, 2024.

{¶ 14} "[P]ursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child." *Bobo v. Jewell*, 38 Ohio St.3d 330, 334 (1988). The same rationale that applies to a name change action in probate court, pursuant to R.C. Chapter 2717,

---

1. Father did not file an answer brief. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." "Whether to accept an appellant's statement of facts and issues as correct under these circumstances is within this court's sound discretion." *Skyward Learning Servs. v. Gray*, 2020-Ohio-1182, ¶ 2 (12th Dist.).

applies to a name change in a juvenile court paternity action, pursuant to R.C. 3111.13(C). *In re C.R.G.*, 2019-Ohio-192, ¶ 8 (12th Dist.), citing *D.W. v. T.L.*, 2012-Ohio-5743.

{¶ 15} Here, Father's complaint only raised the issues of parentage, custody, child support, visitation and parenting time. No subsequent filing mentioned the possibility of a surname change, and there is no indication Father provided any notice to Mother it would be raised. Father's complaint also requested "[f]or any and all further relief as this Court shall deem just and proper," but this catchall still does not provide notice of the surname change issue. Instead, it was only raised for the first time at the June 14, 2024 hearing, when Father's attorney brought it up as an afterthought, "while we're here."

{¶ 16} "An elementary and fundamental requirement of due process in any proceeding . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To that end, both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee "a reasonable opportunity to be heard after a reasonable notice of such hearing." *State, ex rel. Allstate Ins. Co., v. Bowen*, 130 Ohio St. 347 (1936), paragraph five of the syllabus; *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St. 3d 118, 125 (1986). The "failure to give reasonable notice renders Section 16, Article I of the Ohio Constitution . . . meaningless." *Moldovan v. Cuyahoga Cty. Welfare Dept.*, 25 Ohio St.3d 293, 296, fn. 3 (1986).

{¶ 17} Here, the lack of notice prevented Mother from adequately preparing for the surname change hearing, which she stated on the record. This is further demonstrated

by Mother's belated attempts to offer text messages, academic articles, and letters from "key individuals" into evidence, all of which could not be considered because they were not prepared in time for the hearing. Without proper notice, Mother could not have been expected to prepare such evidence for the hearing.

{¶ 18} At the hearing, in overruling Mother's objection for lack of notice, the magistrate reasoned that changing a child's surname change falls under the same "heading" as the other issues Father raised in his complaint, therefore it was raised and Mother had notice but simply failed to recognize this because she is a pro se litigant and did not have the benefit of an experienced attorney. The magistrate appears to have been referring to R.C. 3111.13(C), which does control the issues Father raised, as well as surname changes, but it bears mentioning that Father's complaint did not even cite the statute. Regardless, the common connection of these issues to this statute did not provide adequate notice to Mother that a surname change would be addressed at the hearing.

{¶ 19} This court dealt with a similar notice issue in *Tarter v. Abney*, 2010-Ohio-328 (12th Dist.). In *Tarter*, a father was notified by the juvenile court that a hearing would be held pursuant to R.C. 3111.13(C) to address genetic testing to determine paternity. At the hearing, however, the juvenile court also addressed the issue of child support without any prior notice to the father and ordered him to pay support. We reversed the juvenile court's decision because it failed to give the father proper notice that the hearing would address child support and remanded the case for a new child support hearing to be held. *Tarter* at ¶ 17, citing *Ohio Valley Radiology Associates*, 28 Ohio St. 3d 118, 124-125, (1986).

{¶ 20} The fact that R.C. 3111.13(C) applies to both paternity and child support

orders does not imply that a party has received notice that both issues may be addressed at a hearing. *See Tarter* at ¶17. Likewise, the fact that child surname changes also fall under R.C. 3111.13(C) does not imply that a party has notice surname changes may be addressed at a hearing for paternity, custody, child support, or visitation. There is nothing in the record to suggest that Mother had notice that a child-surname change might be addressed at the hearing, and there is no indication Father made any effort to provide notice.

{¶ 21} We sustain Mother's first assignment of error.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO APPLY THE PROPER BEST-INTEREST STANDARD UNDER OHIO LAW FOR DETERMINING A CHILD'S SURNAME CHANGE.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE MAGISTRATE'S CONDUCT CREATED AN APPEARANCE OF BIAS AGAINST APPELLANT, UNDERMINING JUDICIAL IMPARTIALITY AND FAIRNESS.

{¶ 26} Assignment of Error No. 4:

{¶ 27} THE TRIAL COURT'S IRREGULAR PROCEDURAL STRUCTURE AND INCOMPLETE RECORD VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND PRECLUDED MEANINGFUL APPELLATE REVIEW.

{¶ 28} Mother's remaining assignments of error pertain to the merits of the trial court's decision to grant the surname change. Based upon our resolution of Mother's first assignment of error, the remaining assignments of error are rendered moot.

**III. Conclusion**

{¶ 29} We find the trial court erred when it proceeded with the surname change hearing without providing Mother adequate notice, thereby impeding her from adequately preparing and submitting evidence in support of her argument.

{¶ 30} Judgment reversed insofar as it pertains to the child's surname change, and this cause is remanded for a hearing to determine surname change matters.

HENDRICKSON, P.J., and BYRNE, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and remanded for further proceedings, consistent with the above Opinion.

It is further ordered that a mandate be sent to the Preble County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Matthew R. Byrne, Judge